**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAMONT VAUGHN, | : |
| Plaintiff, | : Civ. No. 21-15194 (GC) (DEA) |
| v. | : |
| MAGISTRATE JUDGE EDWARD KIEL, et al., | : OPINION |
| Defendants. | : |

**CASTNER, District Judge**

**I.   INTRODUCTION**

Plaintiff, Lamont Vaughn ("Plaintiff" or "Vaughn"), is confined at the Essex County Correctional Facility ("ECCF") in Newark, New Jersey. He is proceeding *in forma pauperis* and *pro se* with a civil Complaint pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). (*See* ECF 1). In March 2022, this Court screened Plaintiff's Complaint for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). (*See* ECF 5). This Court dismissed Plaintiff's Complaint in its entirety, but gave Plaintiff leave to file a proposed amended complaint against Defendants Assistant United States Attorney Margaret Ann Mahoney and United States Probation Officer Patrick Hattersley within forty-five days. (*See id.*). Presently pending before this Court is Plaintiff's letter request for reconsideration of the dismissal of his original Complaint. (*See* ECF 7). The Clerk will be ordered to reopen this case so that Plaintiff's request for reconsideration can be analyzed.[1] For the following reasons, Plaintiff's reconsideration request is denied.

---

[1] Plaintiff refiled a duplicate copy of his March, 2022 request for reconsideration in a document filed by the Clerk's Office on March 22, 2023. (*See* ECF 9-1).

II.     **FACTUAL AND PROCEDURAL BACKGROUND**

This Court detailed the factual allegations of Plaintiff's Complaint in its initial screening Memorandum Opinion as follows:

> Plaintiff has sued Magistrate Judge Kiel, Margaret Ann Mahoney ("AUSA Mahoney"), Patrick Hattersley of the United States Probation Office ("Probation Officer Hattersley"), and the United States of America ("United States"), alleging violations of his civil rights in connection with the delay of his preliminary hearing in his then-pending criminal case in this District. *See* USA v. Vaughn, Crim. No. 20-803 (KM). Plaintiff's criminal matter was assigned to the Honorable Kevin McNulty ("Judge McNulty"), and the Court . . . relies on Judge McNulty's decisions dated October 2, 2020, and October 5, 2020 for the relevant factual and legal background:
>
>> . . . . On August 30, 2020, a criminal complaint was filed, charging the defendant with possession with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). (DE 1)  On August 17, 2020, he had an initial appearance before Magistrate Judge Waldor. (DE 3) She entered an order of temporary detention. (DE 6) On August 20, 2020, he had a detention hearing before Magistrate Judge Waldor, who entered an order of pretrial detention. (DE 8)
>>
>> The defendant declined to waive a preliminary hearing. Because the defendant is in custody, Fed. R. Crim. P. 5.1(d) requires that a preliminary hearing ordinarily be held within 14 days after arrest. Accordingly, Judge Waldor scheduled a preliminary hearing for August 28, 2020.
>>
>> On August 24, 2020, the government filed a motion to extend the deadline for a preliminary hearing. Such an extension is permitted, but "the magistrate may extend the time limits only on a showing that extraordinary circumstances exist and justice requires the delay." Fed. R. Crim. P. 5.1(d); *see also* 18 U.S.C. § 3060(c) ("the judge or magistrate judge may extend the time limits only on a showing that extraordinary circumstances exist and justice requires the delay"). As "extraordinary

2

circumstances," the government cited such factors as the COVID-19 pandemic and the attendant difficulties, which are well known to all; the state of emergency declared in New Jersey, requiring, e.g., that citizens shelter in place; and the standing orders of this Court, suspending certain deadlines under the Speedy Trial Act, including the 30-day deadline to obtain an indictment under 18 U.S.C. § 3161(b).

The government offered generalities about the difficulties of travel, unavailability of those responsible for child care, limitations on prison visits, the health risks of in-person proceedings, and difficulties in "bringing in witnesses to prepare for and testify at a preliminary hearing." It offered no specifics about any particular witness who would be unavailable or any particular person whose child-care responsibilities would bar an appearance before but not after August 28, 2020. Nor did the government address the obvious alternative procedure of conducting proceedings by video—as has been done in many cases, including this very case.

The only specific basis for an adjournment cited by the government was the inability to obtain a grand jury quorum. "Ordinarily," said the government, "this would be a case the government would seek to indict in order to protect witness statements in open court, and to avoid the possible identification of such witnesses at this early stage of the litigation[.] However, COVID-19 pandemic and the inability to obtain a grand jury quorum has prevented the government from proceeding by indictment by August 28, 2020. However, the Government anticipated being able to present the case to the Grand Jury on September 11, 2020." (DE 9 at 4)

The Magistrate Judge accepted the lack of a grand jury quorum as the primary basis to grant an extension of the preliminary hearing deadline:

> 4. The government has proffered that the COVID-19 pandemic and resulting government restrictions have prevented it from obtaining a

3

> grand jury quorum so it can present the charges to a grand jury. . . .
>
> 6. The COVID-19 pandemic continues and social-distancing regulations have prevented a quorum of the grand jury. . . . Extraordinary circumstances exist and the interests of justice would be served by extending the time for a preliminary hearing.
>
> (Order of Magistrate Judge dated Aug. 27, 2020, DE 12) That order adjourned the deadline for a preliminary hearing until September 18, 2020. (Id.).
>
> On August 28, 2020, the defendant filed an appeal from the Magistrate Judge's order extending the preliminary hearing date. (DE 15).

*United States v. Vaughn*, 492 F. Supp. 3d 336, 339–40 (D.N.J. 2020).

In his decision dated October 2, 2020, Judge McNulty determined that . . . Magistrate Judge Kiel granted the extension in error, as the government had made no specific showing that a preliminary hearing, as opposed to an indictment, could not be obtained before August 28, 2020; however, Judge McNulty also determined that dismissal of the indictment was not required because the indictment cured the defect in the preliminary hearing process. *See id.* at 341-344.

After issuing that decision, however, Judge McNulty "received a letter from the First Assistant U.S. Attorney, conceding that the basis on which the government had obtained the adjournment of the preliminary hearing date was incorrect." *United States v. Vaughn*, Crim. No. 20-803 (KM), Crim. No. 20-782, 2020 WL 5902614, at *1 (D.N.J. Oct. 5, 2020). That letter read in relevant part:

> The United States apologizes for failing to submit the letter the Court requested before it issued today's memorandum opinion and order. The reason for the delay is that, in reviewing the letter submitted in support of the application to extend the deadline for conducting a preliminary hearing in this case, Docket Entry ["DE"] 9, the Government grew concerned that

certain statements in that letter were inaccurate or misleading. That required a careful review of the letter against the relevant facts. Having conducted that review, the Government has concluded that its concerns were well-founded. We are reassigning this case to a different Assistant U.S. Attorney and taking other remedial measures, as explained in greater detail below.

As Your Honor is aware, and as detailed in the opinion, after Defendant Lamont Vaughn stated at his Wednesday, August 20 detention hearing that he wanted a preliminary hearing, DE12, ¶ 2, the Honorable Edward S. Kiel, U.S.M.J., scheduled a preliminary hearing for Friday, August 28, at 11:00 a.m. On August 24, the Government requested an extension under Federal Rule of Criminal Procedure 5.1(d) and asked Judge Kiel to adjourn the hearing until after September 11, 2020. DE9, at 4. After considering the Government's letter and Vaughn's opposition, DE10, Judge Kiel granted the extension and adjourned the preliminary hearing until September 18 at 10:00 a.m., DE12. Relying on the Government's letter, Judge Kiel found "[e]xtraordinary circumstances exist[ed] and the interests of justice would be served by extending the time for a preliminary hearing" because the "COVID-19 pandemic continues and social-distancing regulations have prevented a quorum of the grand jury." DE12, ¶ 6.

Regrettably, this Rule 5.1(d) extension request never should have been made, and certainly not on the grounds advanced in the Government's letter. To begin with, the letter stated that the "COVID-19 pandemic and the inability to obtain a grand jury quorum has prevented the government from proceeding by indictment by August 28, 2020." DE9, at p. 4. As of the date of the letter, that was both incorrect and misleading. Newark grand juries were expected to (and in fact did) form quorums on Thursday, August 27 and Friday, August 28. Had the letter expressly acknowledged that Newark grand juries were convening on August 27 and August 28, Judge Kiel likely would not have granted the extension. In addition, the letter represented that the

5

> Government "anticipate[d] being able to present this case to the Grand Jury on September 11, 2020." *Id.* This representation implied that no grand jury quorum could be reached prior to that date. Had Judge Kiel known that a Newark grand jury was expected to (and in fact did) form a quorum on September 2, he likely would not have granted an extension until September 18.
>
> In addition, relying on prior filings and resulting extension orders in a handful of cases during March-May 2020, the Government's letter focused on how the COVID-19 pandemic was impeding judicial proceedings and grand jury investigations generally. But as Your Honor correctly noted in the opinion, circumstances have changed since then. Most notably, per the plan approved by the Court, grand juries have been meeting approximately twice a week since May 29, 2020. And stay-at-home, travel and public gathering restrictions in New Jersey were easing during the summer. So the letter should have focused on the specific problems, if any, the COVID-19 pandemic was posing in August and expected to pose in September for this case in particular.
>
> For example, the letter should have explained whether the pandemic truly was preventing the Government from locating fact witnesses and obtaining other evidence necessary to prepare for the preliminary hearing. The letter also should have acknowledged that Rule 5 "does not allow the [preliminary] hearing date to be" extended merely "to accommodate the pace of the grand jury investigation." *United States v. Gurary*, 793 F.2d 468, 472 (2d Cir. 1986). And the letter should have acknowledged that where, as here, the defendant does not consent to extending Rule 5.1(c)'s time limits, Rule 5.1(d) imposes "far more rigorous criteria" than "the somewhat flexible 'ends of justice standard' under" the Speedy Trial Act. Gurary, 793 F.2d at 473.

*Vaughn*, 2020 WL 5902614, at *1–2 (citing Gov't letter, dated October 2, 2020, DE 27).

In a decision dated October 5, 2020, Judge McNulty determined that "the government led the Magistrate Judge into error by misstating the facts" and further held that the appropriate remedy was the dismissal of the indictment without prejudice:

> I can conceive of no effective sanction short of granting the remedy provided for in 18 U.S.C. § 3060(d): dismissal of the Indictment without prejudice to further criminal proceedings, and vacating the order of detention (DE 8) to the extent it is based on the criminal charges in this case. Requiring the government, at a minimum, to start over seems just and proportionate; it should not enjoy any advantage as a result of its conduct, which preceded the 14-day deadline to indict, which should never have been extended in the first place.

*Id.* at *3. Because Plaintiff was also held on violations of supervised release, which were based in part on the criminal charges that were set aside, Judge McNulty also ordered a new bail hearing no later than October 6, 2020. *See id.*

Plaintiff filed the instant Complaint on or about August 2, 2021. *See* ECF No. 1. As noted above, he has sued Judge Kiel, AUSA Mahoney, Probation Officer Hattersley, and the United States.

In his Complaint, Plaintiff alleges that Magistrate Judge Kiel violated his statutory and/or constitutional rights by granting the government's motion to delay his preliminary hearing based on the misrepresentations made by AUSA Mahoney in her letter. Complaint at 3-5. According to Plaintiff, Judge Kiel granted the two-week postponement over Plaintiff's objections and his requests for reconsideration. *See id.* Judge Kiel allegedly did not do his "due diligence" in confirming whether AUSA Mahoney's representations were accurate, and Plaintiff implies that AUSA Mahoney sent the extension to Judge Kiel, rather than to Judge Waldor, because he was a "friend" who would "rubber stamp" the request. *See id.* at 6-7.

Plaintiff further alleges that AUSA Mahoney has a "personal vendetta" against him arising out of a prior matter adjudicated by the Honorable Jose L. Linares, in which Plaintiff was successful as a pro se litigant, and that he brought this issue to the attention of Judge Kiel, and later, to Judge McNulty. *See* Complaint generally. He further alleges that AUSA Mahoney intentionally lied about the unavailability of the grand jury quorum in order to keep him

> incarcerated and violate his rights to a preliminary hearing. *See id.* He further asserts that AUSA Mahoney sought to delay the hearing in order to bypass the presentment of probable cause at the preliminary hearing and secure a grand jury indictment without providing Plaintiff a preliminary hearing. *See id.* Plaintiff also vaguely alleges that AUSA Mahoney had insufficient evidence to meet the probable cause standard at the preliminary hearing, but does not provide facts showing why probable cause was lacking. *See id.* at 6.
>
> Plaintiff alleges that Probation Officer Hattersley informed Plaintiff about AUSA Mahoney's vendetta against him and conspired with AUSA Mahoney to charge Plaintiff with the underlying charges and the technical violations of supervised release. *See* id. at 7-9. With respect to the underlying charges, Plaintiff asserts that the Irvington Police Department lacked probable cause to arrest him, but he does not provide any facts to support this bare allegation. *See id.* at 7.

*Vaughn v. Kiel*, No. 21-15194, 2022 WL 657642, at *1–5 (D.N.J. Mar. 2, 2022) (footnotes omitted).

This Court dismissed Plaintiff's *Bivens* claims against the United States with prejudice noting that the United States is not subject to suit for constitutional torts. *See Vaughn*, 2022 WL 657642, at *5 (citing *F.D.I.C. Meyer*, 510 U.S. 471, 476-777, 484-85 (1994); *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687 (1949); *United States v. Rural Elec. Convenience Coop Co.*, 992 F.2d 429, 434 (7th Cir. 1991)). Plaintiff's claims against Judge Kiel premised on his judicial acts were dismissed with prejudice due to judicial immunity. *See id.* at *6.

This Court then examined Plaintiff's procedural due process claims against Defendants Mahoney and Hattersley. Ultimately, this Court held that the short delay in obtaining a probable cause hearing did not violate Plaintiff's constitutional rights and noted that Judge McNulty had dismissed the indictment without prejudice and ordered Plaintiff to have a new bail hearing. *See id.* at *6-7.

Finally, this Court construed the Complaint as possibly asserting malicious prosecution and malicious abuse of process claims against Defendants Mahoney and Hattersley. Plaintiff's malicious prosecution claim was dismissed without prejudice. Plaintiff did not include facts that he was innocent of the criminal charges. *See id.* at *7 (citing *Kossler v. Crisanti*, 564 F.3d 181, 188 (3d Cir. 2009)). Plaintiff's malicious abuse of process claim was then also dismissed because Plaintiff failed to provide sufficient facts regarding conceding the legitimacy of his prosecution or clearly identified the act or threat that constituted the abuse of process. *See id.* at *8. Plaintiff was given leave to file a proposed amended complaint related to his *Bivens* claims against Defendants Mahohney and Hattersley. *See id.*

Thereafter, Plaintiff submitted a letter requesting reconsideration of this Court's summary dismissal of his Complaint. Plaintiff takes exception to this Court's previous Memorandum Opinion and Order with respect to his claims against Judge Kiel and Defendant Mahoney. More specifically, Plaintiff's complaints about Judge Kiel's judicial action(s) related to his preliminary hearing. (*See* ECF 7 at 6). Furthermore, Plaintiff states he is suing Defendant Mahoney because of her "nefarious intent" to keep him incarcerated in the criminal process. (*See id.*).

### III.   LEGAL STANDARD

Local Civil Rule 7.1 allows a party to seek a motion for re-argument or reconsideration of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked. . . ." Local Civ. R. 7.1(i). Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. *See DeLong v. Raymond Int't Inc.*, 622 F.2d 1135, 1140 (3d Cir. 1980), *overruled on other grounds by Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir. 1981); *see also Williams v. Sullivan*, 818 F. Supp. 92, 93 (D.N.J. 1993). To prevail on a motion for

reconsideration, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court ... [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. *See United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994). Mere disagreement with the Court's decision is not a basis for reconsideration. *See United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

## IV. DISCUSSION

Plaintiff's request for reconsideration does not state an intervening change in controlling law. It also does not state new evidence that was not available when this Court previously entered its March 2, 2022 Memorandum Opinion and Order. Instead, Plaintiff takes exception to this Court's dismissal of Plaintiff's claims against Judge Kiel because he purportedly "was not operating in his judicial capacity." (*See* ECF 7 at 6). That is plainly inaccurate given the facts of this case as outlined in this Court's March 2, 2022 Memorandum Opinion and reiterated in this Opinion.

Plaintiff also claims he is suing Defendant Mahoney because she purportedly lied to the Court to continue Plaintiff's incarceration. However, this Court properly analyzed Plaintiff's procedural due process, malicious prosecution and malicious abuse of process claims in the March 2, 2022 Opinion. This Court set forth the relevant elements Plaintiff needed to allege to assert claims against Defendant Mahoney and permitted him to file a proposed amended complaint if he elected to do so. Plaintiff's request for reconsideration amounts to a mere disagreement with this

Court's required screening of his Complaint, not a need to correct a clear error of law or fact or to prevent manifest injustice. Accordingly, the reconsideration request will be denied.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's request for reconsideration (*see* ECF 7) is denied. An appropriate Order will be entered.

DATED: March 27, 2023

GEORGETTE CASTNER
United States District Judge